UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TASHA B.,

              Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

CASE NO. C24-5074-BAT

**ORDER REVERSING AND REMANDING FOR CALCULATION OF AN AWARD OF BENEFITS**

Plaintiff appeals the ALJ's decision finding her not disabled.[1] She contends the ALJ misstated the alleged disability onset date and failed to properly adjudicate the period between June 2012 and November 2018. Dkt. 15. As relief, Plaintiff argues the Court should remand the case for calculation of an award of benefits. *Id.* at 2.

The Commissioner concedes the ALJ committed reversible error by using a November 2018 amended onset date, resulting in an unadjudicated period from June 2012 through November 2018, but argues remand for further proceedings is the proper remedy. Dkt. 18 at 1. As discussed below, the Court agrees with Plaintiff and **REVERSES** the Commissioner's final decision and **REMANDS** the matter for calculation of an award of benefits under sentence four of 42 U.S.C. § 405(g).

---

[1] The Parties consented to proceed before the undersigned Magistrate Judge. Dkt. 3.

ORDER REVERSING AND REMANDING FOR CALCULATION OF AN AWARD OF BENEFITS - 1

## DISCUSSION

In June 2012, Plaintiff applied for benefits, alleging disability as of the date of the application. Tr. 26. After conducting a hearing in May 2014, the ALJ issued a decision finding Plaintiff not disabled. Tr. 23-43. The Appeals Council denied Plaintiff's request for review, decision, Tr. 1-7, and Plaintiff appealed. This Court reversed the ALJ's decision and remanded the matter for further proceedings. Tr. 603-15.

On remand, Plaintiff testified at a hearing in June 2018. The ALJ again found Plaintiff not disabled. Tr. 486-520. The Appeals Council denied Plaintiff's request for review, and Plaintiff appealed to this Court. In June 2020, this Court affirmed the ALJ's decision. Tr. 1358-75. Plaintiff appealed this Court's decision, and based upon the parties' stipulation, the Court of Appeals for the Ninth Circuit vacated this Court's June 2020 judgment and ordered Plaintiff's 2012 application for disability be remanded for further proceedings before a properly appointed ALJ. Tr. 1350-57.

While Plaintiff's 2012 application was being appealed, she filed a second application, alleging disability as of November 2018. Tr. 1334. In February 2021, Plaintiff testified at a third hearing, but the ALJ again found Plaintiff not disabled. Tr. 1331-49. The Appeals Council reversed the ALJ's decision and ordered the consolidation of Plaintiff's 2018 application and Plaintiff's 2012 application that the Ninth Circuit had reversed and remanded. Tr. 1376-81.

In August 2023, Plaintiff was scheduled to testify at a fourth hearing to address the consolidated 2012 and 2018 claims, but the ALJ postponed the hearing to obtain medical interrogatories. Tr. 1294-95. The ALJ submitted interrogatories to Marisa Serrato, M.D. requesting her opinion regarding Plaintiff's limitations since June 2012. Tr. 2032-38. After Dr. Serrato submitted her response, Tr. 2041-46, Plaintiff requested the ALJ issue a decision finding

her disabled since June 2012. Tr. 1714-19.

In September 2023, the ALJ issued a "fully favorable" decision; finding Plaintiff disabled based on an onset date of November 2018 and citing the strength of Dr. Serrato's opinion. Tr. 1282-91. The ALJ determined Plaintiff had the severe impairments of obesity, osteoarthritis, PTSD, personality disorder, and ADHD, which medically equaled a listed impairment. Tr. 1286. The ALJ clarified Plaintiff met the "paragraph A" criteria due to her sleep disturbance, difficulty concentrating, restlessness, irritability, and fatigue. *Id.* The ALJ emphasized Plaintiff had been exposed to real or threatened death, serious injury, or violence, had involuntarily re-experienced trauma, avoided external reminders of traumatic events, exhibited disturbed mood and behavior, and showed increased arousal and reactivity. *Id.* Similarly, Plaintiff satisfied the "paragraph B" criteria because her impairments resulted in marked limitations in understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. *Id.*

In response to the ALJ's decision, Plaintiff submitted a letter advising the ALJ of an error regarding her onset date and requesting the ALJ to issue an amended decision correcting the onset date to June 2012. Tr. 1280-81. The ALJ did not issue an amended decision, and Plaintiff appealed the Commissioner's final decision to this Court. Dkt. 5. On appeal, Plaintiff argues the ALJ: (1) failed to adjudicate the correct period of disability; (2) misevaluated the medical opinions; (3) misevaluated Plaintiff's symptom testimony; (4) misevaluated the lay evidence; and (5) failed to evaluate whether Plaintiff met or equaled the requirements of a Listed Impairment for the time between June 2012 and November 2018. Dkt. 15 at 3-17.

The Commissioner concedes error but argues the Court should order further proceedings to afford the Commissioner the opportunity to resolve inconsistencies in this "complex and

ORDER REVERSING AND REMANDING FOR CALCULATION OF AN AWARD OF
BENEFITS - 3

voluminous case with a six year period" which the ALJ has not first had a chance to address. Dkt. 18 at 4-9. The record contradicts this argument, as the record includes the ALJ's decisions from 2014, 2018, and 2023, which discuss records dating from April 2012 to July 2023, and the ALJ in the decision before this Court considered the records from 2012 and onward. *See* Tr. 23-43, 486-520, 1282-91.

The Social Security Act "makes clear that courts are empowered to affirm, modify, or reverse a decision by the Commissioner 'with or *without* remanding the cause for a hearing.'" *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014) (emphasis in original) (quoting 42 U.S.C. § 405(g)). "Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits." *Rustamova v. Colvin*, 111 F.Supp.3d 1156, 1164 (D. Or. 2015). In this case, allowing the Commissioner a fifth opportunity to try to meet its burden would create the very "heads we win; tails, let's play again" disability benefits system the Ninth Circuit has repeatedly cautioned against. *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004); *see also Vieira v. Saul*, 2020 WL 2615009, at *11 (N.D. Cal. May 21, 2020); *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004).

Three elements must be satisfied for a court to remand for an award of benefits:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison v. Colvin*, at 1020.  If all three requirements are satisfied, the Court must remand for an award of benefits unless "the record as a whole creates serious doubt that the claimant is, in fact, disabled. *Id.* at 1021.

1       Here all three prongs of the *Garrison* test are satisfied. The Commissioner concedes error and the ALJ found Dr. Serrato's opinion persuasive and relied upon it in finding Plaintiff met the requirements of the Listings and is disabled. The ALJ noted Dr. Serrato reviewed the full record, was familiar with agency rules, and that her opinion was consistent with the medical evidence from 2012 to 2023. Tr. 1287.[2] There is thus no serious doubt Plaintiff is disabled, considering her severe impairments and combination of other conditions in light of the record. The Court's conclusion flows directly from the analysis of the ALJ's decision and a fully developed record; Dr. Serrato a medical expert determined Plaintiff is disabled due to a range of severe mental impairments, and the ALJ found this determination is consistent with hundreds of pages of evidence from 2012 to 2023 and accordingly found Plaintiff is in fact disabled.

      While the Commissioner argues it is unclear whether Dr. Serrato's opinion addressed the entire period starting from 2012, Dkt. 18 at 5, the record paints a different picture. The doctor's opinion was provided in response to interrogatories regarding Plaintiff's limitations from June 2012 to the present, Tr. 2033, and the ALJ found it consistent with evidence from 2012 to 2023. Tr. 1287. Moreover, of the fourteen records Dr. Serrato cited to support her opinion, only one was from after 2018. Tr. 2045 (*compare* Tr. 280-89, (April 2012 to June 2012 treatment notes), 325-49 (August 2013 mental status exam), 341-70 (August 2013 psychiatric evaluation), 371-72 (October 2013 provider statement), 373-468, 471-85 (August 2013 to April 2014 progress notes),

---

[2] The ALJ found Dr. Serrato's opinion consistent with treatment notes from April 2012 to June 2012 (Tr. 280-89), an August 2013 mental status exam (Tr. 325-40), an August 2013 psychological evaluation (Tr. 341-70), an October 2013 provider statement (Tr. 371-72), treatment notes from August 2013 to February 2014 (Tr. 373-468, 471-86), progress notes from March 2015 (Tr. 818-32), psychiatric notes and a discharge summary for suicidal ideations dated April 2015 to March 2016 (Tr. 833-907), treatment notes from April 2015 to July 2016 (Tr. 911-45), a crisis plan dated June 2016 to September 2016 (Tr. 946-80), a June 2016 psychological evaluation (Tr. 1021-25), progress notes from September 2016 to February 2018 (Tr. 1030-1207), mental health records from October 2016 to May 2018 (Tr. 1208-79), a July 2022 medical opinion (Tr. 1799-1802), a January 2023 mental medical opinion (Tr. 1803-08), and treatment records from October 2020 to July 2023. Tr. 1809-1967.

ORDER REVERSING AND REMANDING FOR CALCULATION OF AN AWARD OF
BENEFITS - 5

818-832 (March 2015 treatment notes), 833-907 (April 2015 to March 2016 progress notes and discharge summary for suicidal ideation), 911-45 (April 2015 to July 2016 treatment notes), 946-80, 1030-1207 (June 2016 to February 2018 progress notes), 1208-79 (October 2016 to May 2018 medical evidence); *with* Tr. 1809-1967 (October 2020 to July 2023 treatment records)). Dr. Serrato was requested to provide an opinion regarding Plaintiff's functioning from 2012 and gave an opinion based almost entirely upon records that predate 2018. There is thus no reasonable basis to conclude that Dr. Serrato's opinion does not encompass Plaintiff's functional abilities starting from 2012. The record shows the ALJ adopted Dr. Serrato's opinion that Plaintiff has been disabled as of June 2012 but erred by inexplicably finding Plaintiff was disabled as of November 2018 (perhaps due to a scrivener's error as Plaintiff contends), despite Dr. Serrato's opinion Plaintiff has been disabled since 2012. Dkt. 15 at 5.

Finally, the "exceptional facts" of this case strongly favor remand for immediate payment of benefits. *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990). Plaintiff is 40 years old and first sought benefits twelve years ago. Her claimed disability is the result of numerous mental health impairments that severely limit her abilities and are well corroborated by the longitudinal record. The ALJ found Plaintiff disabled based on Dr. Serrato's opinion, citing hundreds of records from 2012 to 2023 consistent with her assessment. The record in this case is thus complete and "the Commissioner is not entitled to repeatedly bounce a case back and forth between the different levels of reviewing tribunals until he eventually applies the proper legal standards to Plaintiff's claims, fairness demands an expeditious review process." *Davis v. Saul*, 2020 WL 3060415, at *5 (N.D. Cal. June 9, 2020); *see also*, *Terry*, 903 F.2d at 1280; (granting benefits despite lack of development in record); *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996) (crediting subjective testimony and awarding benefits despite sparse medical records

corroborating claims); *Trevizo v. Berryhill*, 871 F.3d 664, 677 (9th Cir. 2017) (remanding for benefits despite unexplained compliance with medication).

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED**, and this case is **REMANDED** under sentence four of 42 U.S.C. § 405(g) for calculation of an award of benefits beginning on the onset date of disability of June 6, 2012,

DATED this 9th day of July, 2024.

BRIAN A. TSUCHIDA
United States Magistrate Judge